Steven R. Shanahan
375 E. Horsetooth Road
Shores 2, Suite 111
Fort Collins, Colorado 80525
Telephone: (970) 204-9999
Facsimile: (970) 226-2111

Phillip E. Lowry (6603)
HOWARD, LEWIS & PETERSEN
120 East 300 North Street
P.O. Box 1248
Provo, Utah 84603
Telephone: (801) 373-6345
Facsimile: (801) 377-4991

    Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| RICKI DOUGLAS,<br><br>        Plaintiff,<br><br>vs.<br><br>CHRISTY SPORT, LLC, a Colorado Corporation; SALOMON/NORTH AMERICA, INC., an Oregon Corporation; and SALOMON, S.A., a French Corporation,<br><br>        Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO ALLOW USE OF DEPOSITIONS TAKEN IN SIMILAR LITIGATION IN WHICH DEFENDANTS WERE A PARTY**<br><br>Case No. 04-CV-02528<br>Judge: Edward W. Nottingham<br>Magistrate: Boyd N. Boland |

Plaintiff Ricki Douglas ("Plaintiff"), by and through counsel, submits the following memorandum in support of her Motion to Allow Use of Depositions Taken in Similar Litigation in Which Defendants Were a Party ("Plaintiff's Motion").

## SUMMARY OF THE ARGUMENT

As shown in Exhibit "A" of Plaintiff's Motion, a number of other lawsuits have been brought against Defendants Salomon/North America, Inc., and Salomon, S.A. ("Defendants"), relating to personal injuries caused by short skis, non-releasable bindings, and/or snowblades. Plaintiff believes that the individuals listed in Exhibit "B" of her Motion were likely deposed as part of these other lawsuits. Because these individuals reside in France and are unwilling to be deposed in the United States, it would constitute an undue burden on Plaintiff to for her to re-depose these individuals. Therefore, in order to reduce the burden, time, and cost that the parties must allocate to discovery, Plaintiff is requesting an Order allowing her to use, for all purposes allowed by Rule 32 of the Federal Rules of Civil Procedure, any depositions from previous cases brought against Defendants which involved similar issues to those raised in this action.

Based upon the clear wording of Rule 32 of the Federal Rules of Civil Procedure and the interpreting case law, Plaintiff is respectfully entitled to the above-requested order. This is because the Defendants were a party to the actions listed in Exhibit "A" of Plaintiff's Motion, and the issues raised in those actions and this present action involve similar issues for adjudication.

## STATEMENT OF FACTS

1.  The present action, as described in the Plaintiff's Complaint and Jury Demand ("Complaint"), is an action for strict product liability, negligence, and breach of warranty arising out of injuries sustained by Plaintiff on December 11, 2002, which were caused by Defendants' products.

2. The legal actions described in Exhibit "A" of Plaintiff's Motion involved the same or substantially similar issues as those involved in the present action.

3. Either or both of the Defendants in the present action were also named as defendants in these other actions.

4. These other actions arose out of personal injuries allegedly caused by Defendants' short skis, non-releasable bindings, and/or snowblades.

5. Plaintiff believes that some or all of the individuals listed in Exhibit "B" of Plaintiff's Motion were likely deposed as part of these other actions.

6. These individuals have all been listed as witnesses that Defendants intend to call in the present action. (Prelim. Pretrial Order 9, June 20, 2005.)

7. These individuals are <u>general</u> witnesses and not event-specific witnesses.

8. Any testimony given by these individuals in any previous depositions would likely be exactly the same or substantially similar to any testimony they can be expected to give in the present action.

9. These individuals all reside in France and are unwilling to be deposed in the United States.

10. Re-deposing these individuals in France would impose an undue burden on Plaintiff.

## ARGUMENT

### THE USE OF DEPOSITIONS FROM SIMILAR ACTIONS INSTITUTED AGAINST DEFENDANTS IS APPROPRIATE UNDER RULE 32 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**A.** **The Text of Rule 32 Allows the Use of Depositions From Other Cases.**

The entire text of Rule 32 of the Federal Rules of Civil Procedure is contained in Exhibit "1" attached hereto. The portion of the Rule that is relevant to the Plaintiff's motion is set out as follows:

> (a) At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
> (1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, or for any other purpose permitted by the Federal Rules of Evidence.
> (2) The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation . . . which is a party may be used by an adverse party for any purpose.
> (3) The deposition of a witness, whether or not a party for any purpose if the court finds:
> . . .
> (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing . . . .
> (4) . . . Substitution of parties pursuant to Rule 25 does not affect the right to use depositions previously taken; and, <u>when an action has been brought in any court of the United States or of any State and another action involving the same subject matter is afterward brought between the same parties or their representatives or successors in interest, all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken therefor. A deposition previously taken may also be used as permitted by the Federal Rules of Evidence.</u>

Fed. R. Civ. P. 32 (2005) (emphasis added). The Rule requires, for a party to use a deposition taken in another action, that the subsequent action involve the same parties or their representatives or successors. However, as demonstrated below, the interpreting case law allows the use of prior depositions when the party against whom they are offered was a party to the prior action and the prior action involves similar issues to those presented in the present action.

4

**B.	Courts Interpreting Rule 32 Allow the Use of Prior Deposition Testimony If the Party Against Whom They Are Offered Is the Same and the Cases Involve Similar Issues.**

Prior to the 1980 amendments, Rule 32 provided that when an action in any court of the United States or of any state had been dismissed and another action involving the same subject matter is afterward brought between the same parties or their representatives or successors in interest, all depositions lawfully taken in the former action may be used in the latter as if originally taken for that action.

Even though the Rule, prior to 1980, required the action to be dismissed before the depositions from that case could be used, courts did not require a dismissal, using the argument that "[s]uch a restrictive construction ignores the purposes of the Federal Rules of Civil Procedure, particularly Rule 1, and the broad and liberal construction given to them by the courts." Batelli v. Kagan & Gaines Co., 236 F.2d 167, 169 (9th Cir. 1956); see also Ikerd v. Lapworth, 435 F.2d 197 (7th Cir.); Weyerhaeuser Co. v. Gershman, 324 F.2d 163, 164 n.1 (2d Cir. 1963).

**1.	As Long As the Party Against Whom the Depositions Are Offered Was a Party to the Former Action, the Party Offering the Deposition Is Not Required to Have Been a Party to the Former Action.**

The same latitude previously given by the courts in not requiring the former action to be dismissed has been used in interpreting the requirement that the earlier action must have been between the same parties or their representatives or successors in interest. Certainly the depositions are properly admitted when the test is met, but they are admitted even when the test is not. The general interpretation given to the Rule is that a deposition can be offered against one who was a party to the former suit even though the party now using the deposition was not.

5

The Tenth Circuit addressed the issue in Insul-Wool Insulation Corp. v. Home Insulation, Inc., 176 F.2d 502, 503-04 (10th Cir. 1949). In that case, part of the court's findings were based upon deposition testimony taken by other defendants in a former suit brought by the plaintiff and appellant involving the same basic issues of patent infringement. The plaintiff objected to the introduction of the depositions based upon hearsay. The Court characterized the issue as follows:

> Some courts have taken the view that the fundamental and essential right of confrontation and cross-examination is impaired by the admission of testimony adduced in a former suit not between the same parties or their privies and not involving identical issues. See 3 Wigmore on Evidence §§ 1360-1366 (2d ed.) . . . . See cases collected in Annotation, 142 A.L.R. 674, 675, 676. Another school of thought, led by Professor Wigmore, advances what he calls the "living principle of evidence" which, while recognizing the right of cross-examination as fundamentally essential to the development of truth in testimony, nevertheless contends that identity of interest is the controlling test of admissibility and that identity of parties does not serve the principle. Thus, it is said that "it ought, then, to be sufficient to inquire whether the former testimony was given upon such an issue that the party-opponent in that case had the same interest and motive in his cross-examination that the present opponent has; and the determination of this ought to be left entirely to the trial judge." 3 Wigmore on Evidence §§ 1388 (2d ed.) . . . .

Insul-Wool, 176 F.2d at 503-04 (citing Mid-City Bank & Trust Co. v. Reading, 3 F.R.D. 320 (D.N.J. 1944); Bartlett v. Kan. City Pub. Serv. Co., 160 S.W.2d 740 (Mo. 1942); George v. Davie, 145 S.W.2d 729 (Ark. 1941); Krueger v. Sylvester, 69 N.W. 1059 (Iowa 1897); N. River Ins. Co. v. Walker, 170 S.W. 983 (Ky. 1914); Sec. Realty & Dev. Co. v. Bunch, 143 S.W.2d 687 (Tex. Civ. App. 1940); Young v. Reed, 192 So. 780 (La. Ct. App. 1939)) (citations reformatted); see also M.C. Dransfield, Annotation, Identity of Parties As Condition of Admissibility in Civil Case of Testimony or Deposition In Former Action or Proceeding of Witness Not Available In Present Action or Proceeding, 142 A.L.R. 673 (2004)).

The Insul-Wool court then held that

6

> [t]he admissibility of such evidence is in accord with Rule 26(d) Federal Rules of Civil Procedure, 28 U.S.C.A., providing that at a trial any part or all of the deposition, as far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the depositions or who had due notice thereof. In our case the objecting party was a party to the former suit involving identical issues and was accorded full opportunity for cross-examination. Accepting this principle as the test of admissibility the trial court admitted the evidence, and we think rightly so.

Insul-Wool, 176 F.2d at 504.

The court in First National Bank v. National Airlines, explained the rationale for the Rule's interpretation as not requiring identity of the parties:

> The more liberal view concerns itself with the identity of interest rather than the identity of parties. If the former testimony was given upon such an issue that the party-opponent in that case had the same interest and motive in his cross-examination that the present opponent now has, then it should be admissible. As stated by Judge Leibell in the Rivera case: "The liberal theory holds that materiality and relevancy being assumed, only the existence of 'identity of issue' is necessary for admissibility.'"

First Nat'l Bank v. Nat'l Airlines, 22 F.R.D. 46, 51-52 (S.D.N.Y. 1958).

In Fullerform Continuous Pipe Corp. v. American Pipe & Construction Co., the court noted that,

> [a]s a general proposition, depositions taken in a prior proceeding are admissible in subsequent actions when there is "substantial identity of parties and issues. . . ." Batelli v. Kagan & Gaines Co., 236 F.2d 167, 169 (9th Cir. 1956). There is some variance in the standard applied in determining whether sufficient identity exists, but this does not require total identity of parties and issues, as defendants assert. This court feels the proper standard was set out in Baldwin-Montrose Chemical Co. v. Rothberg, 37 F.R.D. 354, 356 (S.D.N.Y. 1964), as follows:
> "The import of Rules 26(d) and 42(a) of the Federal Rules of Procedure taken together is that if a situation arises where there are common questions of law or fact and a substantial identity of issue, this court may order use of depositions and interrogatories taken in one action to be used in the other. . . . This relief is designed to avoid a needless waste of time, money and effort and to expedite the litigation. The defendants will have had their full opportunity to cross-examine the deponents in the Lober action (Rule 26(d)) and the right to conduct further discovery proceedings on matters not covered in the Lober

> depositions and interrogatories. They are therefore not prejudiced by the relief granted. Nothing herein affects the use or admissibility of the depositions and interrogatories at trial."

Fullerform, 44 F.R.D. 453, 456-57 (D. Ariz. 1968) (citations reformatted). Compare Wolf v. United Air Lines, 12 F.R.D. 1 (M.D. Pa. 1951), First Nat'l Bank v. Nat'l Airlines, 22 F.R.D. 46 (S.D.N.Y. 1958), and Taylor v. Rederi, 219 F. Supp. 326 (E.D. Pa. 1966), with Moultrie Nat'l Bank v. Travelers Indem. Co., 32 F.R.D. 415 (E.D.S.C. 1963), Scotti v. Nat'l Airlines, 15 F.R.D. 502 (S.D.N.Y. 1954), Rivera v. Am. Export Lines, 13 F.R.D. 27 (S.D.N.Y. 1952), Hertz v. Graham, 23 F.R.D. 17 (S.D.N.Y. 1958), Insul-Wool Insulation Corp. v. Home Insulation, 176 F.2d 502 (10th Cir. 1949).

The court in Hub v. Sun Valley Co. detailed the purpose of the interpretation not requiring strict identity of the parties when analyzing whether to admit depositions from another action:

> The decision whether to admit a deposition from a prior lawsuit is vested in the district court's sound discretion. First Nat'l Bank v. Nat'l Airlines, 22 F.R.D. 46, 49 (S.D.N.Y. 1958); see Reeg v. Shaughnessy, 570 F.2d 309, 317 (10th Cir. 1978) (concerning depositions in general); United States v. Bowen, 411 F.2d 923, 927 (5th Cir. 1969) (same). Depositions can save the time, effort and money of litigants, and help expedite trials. See Baldwin-Montrose Chem. Co. v. Rothberg, 37 F.R.D. 354, 356 (S.D.N.Y. 1964); First Nat'l Bank, 22 F.R.D. at 49.
> . . .
> Rule 32(a) requires that the prior and present lawsuits involve the "same subject matter" and "the same parties or their representatives or successors in interest." These requirements have been construed liberally in light of the twin goals of fairness and efficiency. The accepted inquiry focuses on whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit. Consequently, courts have required only a substantial identity of issues . . . and the presence of an adversary with the same motive to cross-examine the deponent, Ikerd v. Lapworth, 435 F.2d 197, 205 (7th Cir. 1970); George R. Whitten, Jr., Inc. v. St. Univ. Constr. Fund, 359 F. Supp. 1037, 1039 (D. Mass. 1973), aff'd, 493 F.2d 177 (1st Cir. 1974); Copeland v. Petroleum Transit Co., 32 F.R.D. 445, 447 (E.D.S.C. 1963); First Nat'l Bank, 22 F.R.D. at 51; Hertz v. Graham, 23 F.R.D. at 20.

Hub, 682 F.2d at 777-78 (citations reformatted).

As it relates to the Plaintiff's Motion in this action, there is no question that the Defendants were a party to the actions involved in Exhibit "A" of Plaintiff's Motion. Furthermore, these legal actions involved the same or substantially similar issues as those involved in the present case. Because the individuals listed in Exhibit "B" of Plaintiff's Motion are mere general witnesses, and not event-specific witnesses, any testimony they might give in the present case would necessarily be the same or substantially similar to any previous testimony arising out of depositions from the actions listed in Exhibit "A." Finally, the Plaintiff in this action occupies the same position as the plaintiffs in the other actions.

Accordingly, Plaintiff submits that there is a substantial identity of interest between the parties described in Plaintiff's Motion and the matter pending before this Court.

**2.  To Meet the Requirements of the Rule, Allowing the Use of Depositions from Other Actions, a Party Must Demonstrate that the Issues in the Cases Were Similar.**

In addition to the requirement relating to the identity of the parties, the rule requires that the earlier action must have been one "involving the same subject matter." In evaluating this requirement, courts generally look at the issues raised in the action as opposed to the subject matter. Generally, only a substantial identity of issues, rather than precisely the same subject matter, is all that is required. Ikerd, 435 F.2d at 205-06; Batelli, 236 F.2d 167; Kipnis v. Antoine, 472 F. Supp. 215, 219 (N.D. Miss. 1979); Fullerform, 44 F.R.D. at 455; Baldwin-Montrose, 37 F.R.D. 354; Scotti v. Nat'l Airlines, 15 F.R.D. 502 (S.D.N.Y. 1954).

In evaluating the issues between the two cases, courts have followed the analysis outlined in 5 Wigmore on Evidence § 1388 (3d ed. 1940), that the real test is whether the former

9

testimony was given upon such an issue that the party-opponent in that case had the same interest and motive in his cross-examination that the present opponent has. McCormick, Evidence § 232 (1954). The Tenth Circuit in Insul-Wool explicitly referred to the "school of thought, led by Professor Wigmore," that

> advances what he calls the "living principle of evidence" which, while recognizing the right of cross-examination as fundamentally essential to the development of truth in testimony, nevertheless contends that identity of interest is the controlling test of admissibility and that identity of parties does not serve the principle. Thus, it is said that "it ought, then, to be sufficient to inquire whether the former testimony was given upon such an issue that the party-opponent in that case had the same interest and motive in his cross-examination that the present opponent has; and the determination of this ought to be left entirely to the trial judge."

Insul-Wool, 176 F.2d at 503-04 (quoting 3 Wigmore on Evidence § 1388 (2d ed.)) (citations omitted).

As summarized in Hub, "Rule 32(a) requires that the prior and present lawsuits involve the 'same subject matter' and 'the same parties or their representatives or successors in interest.'" Hub, 682 F.2d at 778. The court continued:

> These requirements have been consulted liberally in light of the twin goals of fairness and efficiency. The accepted inquiry focuses on whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit. Consequently, courts have required only a substantial identity of issues, and the presence of an adversary with the same motive to cross-examine the deponent.

Id. (emphasis added) (citations omitted); see also Ikerd, 435 F.2d at 205-06; Fullerform, 44 F.R.D. at 455; Moultrie Nat'l Bank v. Travelers Indem. Co., 181 F. Supp. 444 (M.D. Ga. 1959); Tobacco & Allied Stocks v. Transamerica Corp., 16 F.R.D. 545 (D. Del. 1954).

This interpretation is consistent with Rule 804(b)(1) of the Federal Rules of Evidence which allows the admission of

> [t]estimony given . . . in a deposition taken in compliance with law in the course of the same or another proceeding if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Fed. R. Evid. 804(b)(1) (2005).

As it relates to the facts of this case, all of the individuals listed in Exhibit "B" of Plaintiff's Motion are employees or agents of the Defendants. Normally, a party does not conduct extensive examination of its own agents or employees at deposition, and certainly that may be true with regard to the depositions that the Plaintiff believes may have conducted in connection with the actions listed in Exhibit "A" of Plaintiff's. However, if Defendants are not satisfied with any existing deposition, Defendants can either arrange for the deponent to be present at trial or can retake the deposition of the witness, which then would be limited to the specific areas that Defendants want to advance. Furthermore, in light of the fact that all of Defendant's witnesses listed in Exhibit "B" of Plaintiff's Motion reside in France and are unwilling to be deposed in the United States, allowing the introduction of any existing depositions described in Plaintiff's Motion would save a substantial amount of time and expense by not having to retake the depositions again covering material already contained in existing depositions.

As opposed to the normal case where a party is attempting to use depositions of independent witnesses from a prior case, the depositions referred to in Plaintiff's Motion are of the Defendants' own agents or employees. Therefore, considering the motive of Defendants as to whether to cross-examine its own employees or agents is not appropriate. Unlike an independent witness, Defendants have access to the witnesses for trial or other proceedings, presumably have

the witnesses' cooperation in developing testimony, and otherwise have the ability to cure any prejudice that an inadequate cross-examination could cause.

Inasmuch as the issues in the cases listed in Exhibit "A" of Plaintiff's Motion involve the same or substantially similar issues as the present case, and inasmuch as the Defendants had the same motive to cross-examine and certainly have the opportunity of easily curing any inadequacy of its examination, it is respectfully submitted that the Plaintiff qualifies for the right to use the depositions specified in Plaintiff's Motion.

## CONCLUSION

Plaintiff respectfully submits that the requirements of Rule 32 have been met in this case and that the Court should enter an order allowing the Plaintiff to use at trial or other proceedings, the depositions specified in Plaintiff's Motion.

DATED this 30th day of June, 2005.

s/Phillip E, Lowry_____
Phillip E. Lowry
Howard, Lewis & Petersen, P.C.
120 East 300 South
P.O. Box 1248
Provo, UT 84603
Telephone 801-373-6345
FAX: 801-377-4991
Email: phil@phillowry.com
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses,

Kimberly Viergiver, kim@rietzlawfirm.com

Mark R. Davis, mdavis@wrhlaw.com

        s/Phillip E, Lowry_____
        Phillip E. Lowry
        Howard, Lewis & Petersen, P.C.
        120 East 300 South
        P.O. Box 1248
        Provo, UT 84603
        Telephone 801-373-6345
        FAX: 801-377-4991
        Email: phil@phillowry.com
        Attorney for Plaintiff

C:\Documents and Settings\Phil\My Documents\Douglas Memorandum Supp Mot to Admit Depos.wpd

**EXHIBIT "1"**

**Rule 32. Use of Depositions in Court Proceedings.**

**(a)** **Use of Depositions.** At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:

**(1)** Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, or for any other purpose permitted by the Federal Rules of Evidence.

**(2)** The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose.

**(3)** The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:

**(A)** that the witness is dead; or

**(B)** that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or

**(C)** that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or

**(D)** that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or

**(E)** upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

A deposition taken without leave of court pursuant to a notice under Rule 30(a)(2)(C) shall not be used against a party who demonstrates that, when served with the notice, it was unable through the exercise of diligence to obtain counsel to represent it at the taking of the deposition; nor shall a deposition be used against a party who, having received less than 11 days notice of a deposition, has promptly upon receiving such notice filed a motion for a protective order under Rule 26(c)(2) requesting that the deposition not be held or be held at a different time or place and such motion is pending at the time the deposition is held.

**(4)** If only part of a deposition is offered in evidence by a party, an adverse party may require the offeror to introduce any other part which ought in fairness to be considered with the part introduced, and any party may introduce any other parts.

Substitution of parties pursuant to Rule 25 does not affect the right to use depositions previously taken; and, when an action has been brought in any court of the United States or of any State and another action involving the same subject matter is afterward brought between the same parties or their representatives or successors in interest, all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken

therefor. A deposition previously taken may also be used as permitted by the Federal Rules of Evidence.

**(b)** **Objections to Admissibility.** Subject to the provisions of Rule 28(b) and subdivision (d)(3) of this rule, objection may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying.

**(c)** **Form of Presentation.** Except as otherwise directed by the court, a party offering deposition testimony pursuant to this rule may offer it in stenographic or nonstenographic form, but, if in nonstenographic form, the party shall also provide the court with a transcript of the portions so offered. On request of any party in a case tried before a jury, deposition testimony offered other than for impeachment purposes shall be presented in nonstenographic form, if available, unless the court for good cause orders otherwise.

**(d) Effect of Errors and Irregularities in Depositions.**

    **(1)** **As to Notice.** All errors and irregularities in the notice for taking a deposition are waived unless written objection is promptly served upon the party giving the notice.

    **(2)** **As to Disqualification of Officer.** Objection to taking a deposition because of disqualification of the officer before whom it is to be taken is waived unless made before the taking of the deposition begins or as soon thereafter as the disqualification becomes known or could be discovered with reasonable diligence.

    **(3)** **As to Taking of Deposition.**

        **(A)** Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if presented at that time.

        **(B)** Errors and irregularities occurring at the oral examination in the manner of taking the deposition, in the form of the questions or answers, in the oath or affirmation, or in the conduct of parties, and errors of any kind which might be obviated, removed, or cured if promptly presented, are waived unless seasonable objection thereto is made at the taking of the deposition.

        **(C)** Objections to the form of written questions submitted under Rule 31 are waived unless served in writing upon the party propounding them within the time allowed for serving the succeeding cross or other questions and within 5 days after service of the last questions authorized.

    **(4)** As to Completion and Return of Deposition. Errors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, sealed, indorsed, transmitted, filed, or otherwise dealt with by the officer under Rules 30 and 31 are waived unless a motion to suppress the deposition or some part thereof is made with reasonable promptness after such defect is, or with due diligence might have been, ascertained.