IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–02528–EWN–BNB

RICKI DOUGLAS,

    Plaintiff,

v.

CHRISTY SPORT, LLC, a Colorado Corporation;
SALOMON/NORTH AMERICA, INC., an Oregon Corporation; and
SALOMON, S.A., a French Corporation,

    Defendants.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

This matter is before the court on Plaintiff Ricki Douglas' (1) "Motion to Allow Use of Depositions Taken in Other 'Short Ski' Litigation In Which Defendants Were a Party," filed June 30, 2005, and (2) Plaintiff's "Motion to Expedite Review of Plaintiff's Motion to Allow Use of Depositions Taken in Similar Litigation in Which Defendants Were a Party," filed June 30, 2005. Plaintiff requests that the court permit her to use, for all purposes allowed by Federal Rule of Civil Procedure 32(a), prior depositions of certain defense witnesses from earlier cases. (Mem. in Supp. of Mot. to Allow Use of Deps. Taken in Similar Litigation In Which Defs. Were a Party [filed June 30, 2005] [hereinafter "Pl.'s Br."].)

Rule 32(a) permits depositions taken in a former action to be used in a latter action as if

-1-

the deposition was originally taken for the latter action when, *inter alia*, the former and latter actions involve the "same subject matter," and "the same parties or their representative or successors in interest." Fed. R. Civ. Proc. 32(a)(4).  Courts construe this requirement "liberally in light of the twin goals of fairness and efficiency." *Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982).

The Tenth Circuit has held that "testimony adduced in a prior suit may be admissible in a subsequent suit even if the parties are not identical, so long as the issues are so similar that the party-opponent in the prior case had the same interest and motives in his cross-examination that the present opponent has." *Minyen v. Am. Home Assurance Co.*, 443 F.2d 788, 791 (10th Cir. 1971).  As the Ninth Circuit explained, partially in *dicta*, "the prior cross-examination [must] satisfy a reasonable party who opposes admission in the present lawsuit.  Consequently, courts have required only a substantial identity of issues, and the presence of an adversary with the same motive to cross-examine the deponent." *Hub*, 682 F.2d at 778 (citations omitted).

Here, Plaintiff has not produced evidence that (1) there is a substantial identity of issues between this case and the earlier action, or (2) there was the presence of an adversary with the same motive to cross-examine the deponent in the earlier action.  Plaintiff states in her brief that "[a]s shown in Exhibit 'A' of Plaintiff's Motion, a number of other lawsuits have been brought against Defendants Salomon/North America, Inc., and Salomon, S.A. [] relating to personal injuries caused by short skis, non-releasable bindings, and/or snowblades." (Pl.'s Br. at 2.) Exhibit A simply states, however, *in toto*, that "[d]epositions of Defendants' agents and employees taken in other skiboarding cases: 1. Jean Francois Merino.  2. Pierre Desarmaux.  3.

Michael Aicher. 4. Jean Dominique Laporte." (Mot. to Allow Use of Deps. Taken in Other 'Short Ski' Litigation In Which Defs. Were a Party, Ex. A [List of Deps.] [filed June 30, 2005].) Plaintiff's listing of four names is entirely insufficient for the court to conclude that the purported previous depositions of these four individuals in previous unidentified actions meet the requirements of Rule 32(a)(4). Accordingly, I deny Plaintiff's motion to use deposition testimony from previous lawsuits.

Plaintiff's motion fails for a second reason. Plaintiff has failed to certify that she conferred or made a reasonable good-faith effort to confer with opposing counsel regarding the motion for reconsideration. Local Rule 7.1(A) provides:

> Duty to Confer. The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

D.C.COLO.LCivR 7.1(A). "The purpose of Rule 7.1A is to require the parties to confer and to attempt to resolve a dispute before incurring the expense of filing a motion and before requiring the court to address a disputed issue." *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003).

In accordance with the language of the local rule, courts in this jurisdiction routinely deny motions that fail to comply with Local Rule 7.1(A). *See, e.g., Echostar Communications Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998) ("The failure to comply with Local

Rule 7.1A is sufficient alone to warrant a denial of the motion to compel"); *McCoy v. West*, 965 F. Supp. 34, 35 (D. Colo. 1997) ("[defendant] has presented no evidence of his effort to comply with [Local Rule 7.1(A)], and his motions are untenable on that basis alone"). Plaintiff's motion therefore fails not only for the reasons stated earlier, but also because Plaintiff did not follow the local rule regarding the duty to confer.

In light of the foregoing, Plaintiff's motion to expedite is moot. Nevertheless, I make two brief observations about the motion to expedite. First, Plaintiff fails to comply with Local Rule 7.1(A) in the motion to expedite. Second, both parties refer to specific incidents regarding discovery in this case, which they dispute, without attaching exhibits to demonstrate the veracity of their respective assertions. I urge the parties to support their factual averments in their briefs in future submissions to this court. Also, as a side note, Plaintiff's captions on her motions and briefs do not conform with the proper caption format as set forth in the local rules. *See* D.C.COLO.LCivR 10.1(J). Plaintiff should take care to follow the local rule regarding captions in all future filings.

Based on the foregoing it is therefore

ORDERED as follows:

1. Plaintiff's Motion to Use Deposition Testimony from Previous Lawsuits (# 67) is DENIED.

2. Plaintiff's Motion to Expedite a Ruling on Its Motion to Use Deposition Testimony from Previous Lawsuits (# 69) is DENIED as moot.

Dated this 21st day of July, 2005.

                                          BY THE COURT:

                                        s/Edward W. Nottingham
                                        EDWARD W. NOTTINGHAM
                                        United States District Judge